# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **ALI AL-LATI,** | CASE NO: CV07-218-S-EJL |
| **Plaintiff,** | |
| vs. | **MEMORANDUM ORDER** |
| **ALBERTO GONZALES, Attorney General, et al,** | |
| **Defendants.** | |

Plaintiff Ali Al-Lati brings this lawsuit against various United States officials (collectively, the "Defendants") asserting that because the United States Citizenship and Naturalization Service ("USCIS") did not issue a decision regarding his naturalization application within 120 days of his examination, this Court should assume jurisdiction and remand to the USCIS with instructions to naturalize him within fifteen days. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.[1]

## Background

Plaintiff is a native of Iraq and a lawful permanent resident of the United States since April 17, 1996. After filing an application for naturalization, Plaintiff was interviewed and examined by the USCIS on December 22, 2002. Plaintiff passed the English and civics

---

[1] See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir.1998) (holding that "a district court can decide [a dispositive motion] without oral argument if the parties . . . . ha[ve] had an adequate opportunity to provide the trial court with evidence and a memorandum of law").

examination. However, the USCIS did not approve Plaintiff's application following his examination because his background and security checks had not been completed.

Having not received any significant information regarding his naturalization application following his examination, Plaintiff filed this lawsuit on May 14, 2007 pursuant to 8 U.S.C. § 1447(b). Under § 1447(b), if a determination has not been made within 120 days of an applicant's examination the applicant may bring an action in federal district court. The district court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b); see also United States v. Hovsepian, 359 F.3d 1144, 1160-61(9th Cir. 2004).

## Discussion

Plaintiff contends that he has satisfied all the requirements for naturalization and that he is entitled to be naturalized. (Pl.'s Mem at 9). Defendants, however, have submitted evidence that contests this assertion. Specifically, evidence submitted by Defendants demonstrates that the delay in the background and security checks was not unreasonable or arbitrary. (Defs.' Mem, Ex. A, Decl. of Michael A. Cannon and Ex. B, Decl. of Bruce Darling).

Moreover, the Court rejects Plaintiff's contention that a name check is not a proper part of the background and security checks under the applicable statute and regulatory language. See e.g., Stepchuk v. Gonzales, No. C06-570RSL, 2007 WL 185013, *1-*2 (Order Denying Plaintiffs' Motion for Reconsideration) (W.D. Wash. Jan. 18, 2007). Similarly, the Court cannot agree that the failure to complete the background and security checks within 120 days of the Plaintiff's examination waives those requirements. See e.g., Stepchuk v. Gonzales, No. C06-570RSL, 2006 WL 3361776, *5 (Order Denying Plaintiff's Motion for Summary Judgment) (W.D. Wash. Nov. 17, 2006). And finally, the Court does not believe that this interpretation of the regulatory language and statute is at odds with United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004). See e.g., Stepchuk v. Gonzales, No. C06-570RSL, 2007 WL

185013,*2 (Order Denying Plaintiffs' Motion for Reconsideration) (W.D. Wash. Jan. 18, 2007).

The Court, however, certainly sympathizes with Plaintiff's predicament. He "is understandably anxious to complete the naturalization process so he can fully enjoy the benefits of United States citizenship." El-Daour v. Chertoff, 417 F. Supp. 2d 679, 683 (M.D. Pa. 2005). "[U]nfortunately, delays of this nature are inevitable and becoming more frequent in light of heightened security concerns in the post-911 world." Id. The background and security checks are vital pieces of information that must be completed prior to a determination of Plaintiff's application. Id. Accordingly, the Court will remand this action for a prompt resolution once the background and security checks have been completed. Id.

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that

1. Pursuant to 8 U.S.C. § 1447(b), this case is remanded to the USCIS to expedite, to the extent practicable, the completion of the background and security checks and to promptly resolve the matter upon receipt of those results;

2. Each party shall bear its own fees and costs[2]; and

3. This Memorandum Order shall serve as the final order of the Court and this case shall be closed.

DATED: **August 3, 2007**

Honorable Edward J. Lodge
U. S. District Judge

---

[2] The Court finds that an award of attorneys' fees to the Plaintiff would not be appropriate under the applicable statutory provision and controlling case law.